# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE BETHEA, | : | |
|     *Petitioner*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VINCENT MOONEY, et al., | : | No. 16-1866 |
|     *Respondents*. | : | |

## **M E M O R A N D U M**

PRATTER, J.                                                                                                      FEBRUARY 2, 2018

In 2004, Petitioner Terrence Bethea was convicted of murder and sentenced to life in prison without the possibility of parole. In 2016, he filed this petition for a writ of Habeas Corpus, but seemed to base it on a *different* conviction, one for which he had already served his time: a 1985 conviction for robbery, burglary, criminal conspiracy and indecent assault.[1] Upon receipt of the petition, the case was referred to a magistrate judge for a report and recommendation. On November 30, 2016, the magistrate judge (analyzing the 1985 conviction that Mr. Bethea described in his petition) recommended denial of the petition because it was time barred by over 20 years.

Mr. Bethea, continuing to maintain his *pro se* status, objected, arguing that the 1985 conviction led to his 2004 conviction. Mr. Bethea claimed that the government illegally took his DNA as part of his 1985 conviction, and that DNA was the lynchpin of his 2004 conviction. This Court ordered the government to respond, eventually appointing the Federal Defenders for the Eastern District of Pennsylvania to represent Mr. Bethea, anticipating that having counsel could

---

[1] Mr. Bethea was released from prison for this 1985 crime decades ago.

simplify the narrative that Mr. Bethea had constructed. The Court ordered the parties to start briefing anew and issued a briefing schedule that would allow counsel to raise and discuss the necessary issues for the Court.

On January 12, 2018, Mr. Bethea's counsel moved to withdraw because Mr. Bethea preferred to continue proceeding *pro se*. To address the motion, the Court held a telephone conference with the parties and instructed Mr. Bethea's counsel to discuss the issues with her client to give him an opportunity to reconsider. On January 26, 2018, the Court received notice that Mr. Bethea still wished to proceed *pro se*. Thus, the Court has a not unfamiliar dilemma: work through the labyrinth of Mr. Bethea's past briefing, but with recognition that, as a layperson, he has misunderstood a number of important concepts, or dismiss the petition with guidance to start anew.

The Court is loathe to dismiss this petition on a seemingly technical ground of a petitioner mistakenly listing, and hence disputing, the wrong conviction in his initial petition. The Court is required to construe *pro se* pleadings liberally, and has endeavored to do so. But there is no escaping the conclusion at this time and on the current papers, Mr. Bethea insists on only discussing his 1985 conviction and how Fourth Amendment violations from 20 years ago should somehow free him from prison, even though he is no longer incarcerated for that conviction. Allowing Mr. Bethea to proceed *pro se* and re-brief the same issues he already briefed, without at least a full explanation of the analytical problem for petitioner's potential appreciation (and, if possible, cure) ultimately could be a waste of judicial resources, time for all

parties, and have no probability of a different or more meaningful result.[2] Not only that, but the Court is not confident Mr. Bethea avoided the same technical errors that afflicted him here in his PCRA proceedings, which would mean that he never received full and fair adjudication at the state court level. This would raise new exhaustion hurdles, as well as comity concerns. To give Mr. Bethea a full and fair opportunity to be heard, and in the interest of justice, the Court must dismiss Mr. Bethea's petition in accordance with this memorandum.

Therefore, insofar as the magistrate judge's report and recommendation addressed Mr. Bethea's 1985 conviction, the report and recommendation is approved and adopted, and Mr. Bethea's claims on his 1985 conviction are dismissed with prejudice. However, any § 2254 claims Mr. Bethea may have brought relating to his 2004 conviction and sentence (for which he is currently incarcerated) are dismissed, but without prejudice. The Court does not express a view on the merits of Mr. Bethea's instant petition regarding his 2004 sentence. However, given the confused nature of the petition, any statute of limitations period as to the 2004 conviction is tolled from the date of Mr. Bethea's initial filing until 180 days from the date of this order. At that point, his clock will begin to run again.[3]

Within that time, Mr. Bethea must begin to exhaust any state post-conviction proceedings regarding his 2004 conviction by filing a PCRA petition in state court. Alternatively, if Mr. Bethea believes he has already exhausted his state remedies *as to his 2004 conviction*, he may

---

[2] Without ruling on the merits of this argument, this argument is exceedingly weak as a legal matter, given that "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained through an unconstitutional search and seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 466 (1976). That appears to be precisely the thrust of Mr. Bethea's preferred argument.

[3] Nor does this ruling mean, if Mr. Bethea's petition was untimely when he first filed with this Court, that it is somehow timely now. The Court expresses no view on the timeliness of his current petition as it relates to his 2004 conviction.

file a new § 2254 petition in federal court listing his 2004 conviction on all paperwork within this tolled period.

To Reiterate: Habeas Corpus relief (§ 2254) exists to free those incarcerated individuals from unconstitutional detentions. But once the person is freed from prison, there is no writ for the Court to grant. Therefore, Mr. Bethea cannot challenge his 2004 conviction on the basis, or by somehow claiming, that his 1985 conviction was impermissible. Rather, he must explain and argue that his 2004 conviction violates the Constitution of the United States. While he has not done so as of yet, he is granted leave to try in the appropriate forum and in accordance with this Memorandum.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE